El Pueblo de Puerto Rico, demandante y apelado *v.* Antonio Méndez, acusado y apelante.

No. 4484.—*Sometido:* Noviembre 20, 1931.—*Resuelto:* Diciembre 4. 1931.

*Lens & Susoni,* abogados del apelante; *E. Díaz Viera, Fiscal Auxiliar,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El apelante fué denunciado porque en 16 de agosto de 1931 se dedicaba al negocio de despalillado de tabaco como propietario o dueño del mismo sin haberse provisto de la licencia trimestral vencedera en septiembre de dicho año, requerida por la ley.

La sección 84 de la Ley No. 85 de 1925, página 585, según quedó enmendada por la Ley No. 17 de 1927, página 477, dispone que cada tres meses toda persona dedicada a cualquiera de las ocupaciones o negocios que en la misma especifica pagará por cada fábrica, sitio o establecimiento comercial o industrial la contribución por concepto de licencia, respectivamente, por ella prescrita. Los apartados 2, 3, 4 y 5 de esa sección de la ley se refieren a los fabricantes de cigarros, según empleen máquinas o no y según el número de operarios que tuvieren. El apartado 14 de ella se refiere a los talleres de despalillado de tabaco, a los que impone $10 por cada diez operarios despalilladores o fracción de ellos que se emplearen en cada taller. La sección 86 de la ley de 1925 dispone que ninguna persona se dedicará a ninguno de los negocios especificados en la ley mientras no haya pagado la licencia correspondiente, y que cuando más de una de las industrias u ocupaciones que describe sean ejercidas en el mismo local por una sola persona o en diferentes lugares por una sola persona o en el mismo local por diferentes personas se pagará una licencia en cada local por cada industria u ocupación. Y la sección 92 de la misma ley declara delito menos grave el emprender o continuar cualquier in-

dustria u ocupación sujeta a licencia sin proveerse de la correspondiente licencia o cuando la licencia haya sido revocada.

No niega el apelante que él tenía en la expresada fecha una fábrica de cigarros y un despalillado de tabaco en el mismo local, pero alega que siendo su despalillado de tabaco para su fábrica de cigarros, pagando la licencia de ésta no tenía que pagar la otra.

No resulta de la prueba claramente demostrado que todo el tabaco que despalillaba lo empleaba en su fábrica de cigarros, pues aceptando él en su declaración que fabricaba de cinco a ocho mil cigarros mensualmente y que para ellos necesitaba un quintal o dos de tabaco despalillado, sin embargo, reconoció que en la fecha de la denuncia tenía unos quince quitales de tabaco despalillado, cantidad excesiva a la que necesitaba para su fábrica; y aun cuando manifestó también que no utiliza el tabaco despalillado en otro uso que el de su fábrica de cigarros y que estiba el tabaco despalillado para curarlo, sin embargo, la corte inferior no dió crédito a estas manifestaciones. La cita que hace el apelante del apartado 28 de la sección 84 de la ley de 1927 y del *disponiéndose* que contiene no tiene relación con este caso, porque no se refiere a despalilladores sino a la licencia que deben pagar los traficantes de tabaco en rama o despalillado, y a disponer que sólo venderán a otros traficantes, despalilladores, fabricantes de tabaco para mascar y fabricantes de cigarros y cigarrillos provistos de sus licencias y a las personas conocidas como exportadoras de tabaco.

Por lo expuesto la corte inferior no cometió error al declarar probados los hechos de la denuncia y al sostener que tiene que pagar licencia por el despalillado de tabaco.

*La sentencia apelada debe ser confirmada.*